## Lovell's Estate.

*Executors and administrators—Failure to account—Surcharge.*

Where at the audit of the account of an administratrix, it appears that the administratrix, who was the widow of decedent, took from the person of the decedent during his lifetime, a roll of money, which she requested another person who was present to count, and the administratrix does not include it in her account, she will be surcharged therewith.

Argued Oct. 8, 1902. Appeal, No. 6, Oct. T., 1902, by Rhoda Lovell, from decree of O. C. Phila. Co., April T., 1901, No. 92, overruling exceptions to adjudication in estate of Seth Lovell, deceased. Before RICE, P. J., BEAVER, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to adjudication.

HANNA, P. J., found the facts to be as follows:

Upon·proceeding to examine the account, Mr. Potter claimed that the administratrix should be surcharged with the sum of $1,400 in United States paper currency, and $400 or $500 in gold coin, in the possession of decedent a few days prior to his

death, and taken by the administratrix into her possession, and not accounted for either in the inventory or appraisement, or in the account filed.

This was objected to by Mr. Barratt.

Mr. Potter then called as a witness Mrs. Laura Lovell, wife of Joseph Lovell, a brother of decedent. She testified that a few days prior to the death of decedent, and while he was unconscious from illness, she saw his wife, the accountant, take from the pocket of his pantaloons a stocking which contained bills and gold; that decedent's wife then requested her to count the money, which she did, and found the roll of bills amounted to $1,400; that her husband was also present and saw her count the bills. And after she counted the bills, she sewed them up in the underclothes of the wife of decedent. The witness also testified that she did not count the gold, and did not know the amount.

Mr. Potter also called as a witness Joseph Lovell, a brother of decedent. He testified that he was present when his wife, at the request of decedent's wife, counted the money which the latter " took out of an old stocking or something," but did not know where she got the stocking. That he heard his wife count the paper money, and she counted $1,400, but did not see her count the gold, and did not know how much it was. He did not know what was done with the money; that decedent's wife put it in her pocket after his wife counted it, and he did not see his wife sew it in the underclothes of decedent's wife.

At the second hearing Mr. Barratt called the accountant, widow of decedent, as a witness.

But Mr. Potter objected to her competency to testify as to anything that occurred in the lifetime of her husband. Her testimony was taken subject to exception.

In view of the Act of June 11, 1891, sec. 1, 1 Purdon, 819, pl. 41, the auditing judge is of opinion she is competent to contradict the testimony of Laura and Joseph Lovell as to what took place on the occasion, when they testified she took into her possession the money counted by the first named witness. See Thomas v. Miller, 165 Pa. 216; Kauss v. Rohner, 172 Pa. 481; Dumbach v. Bishop, 183 Pa. 602.

But this does not make her a competent witness in her own

380 LOVELL'S ESTATE.

Statement of Facts—Opinion of the Court. [21 Pa. Superior Ct.

behalf in every respect. And her testimony is to be confined to contradict or give her version of the occurrences testified to by the adverse witness.

By this rule, we find upon examination of her admissible testimony that she denies she took $1,400 in a stocking out of her husband's pocket. She admitted she gave money to Laura Lovell to count for her, but she took it from a wagon, and Laura counted $1,000, and it belonged to her; that all the money she had was $1,100; that she never took a cent of her husband's. And she denied that Laura Lovell sewed the money in her underclothes after she counted it, but she placed the $1,000 in her pocket.

The widow of decedent is incompetent to prove her ownership of the money, or how it was obtained by her prior to her husband's death. Her testimony upon this subject must therefore be disregarded. As before stated, she was competent only to deny and contradict the testimony of the two witnesses that she received into her possession, in her husband's lifetime, the money alleged to have been upon his person, and the circumstances connected therewith.

The auditing judge surcharged the administratrix with the sum of $1,400.

Exceptions to the adjudication were dismissed by the court.

*Errors assigned* were in dismissing exceptions to adjudication.

*John Samuel*, with him *Norris S. Barratt*, for appellant.

*L. Melick*, of *Melick, Potter & Dechart*, for appellee.

PER CURIAM, November 19, 1902:

The auditing judge found as a fact that the accountant, the widow and administratrix of the decedent, took from the person of the decedent during his lifetime a roll of money which was counted by Rhoda Lovell and amounted to $1,400. With this fact found, he surcharged the administratrix the amount found to have been upon the person of the decedent and not accounted for by her.

There was evidence upon which to base the finding of

378, (1902).] Opinion of the Court.

fact and we all agree that the conclusion of law was properly drawn therefrom.

This case does not present the question of the joint ownership, use and occupancy of personal property where the wife uses and enjoys it to the same extent as the husband.

The administratrix admits that she asked her sister-in-law to count the money. They differ, it is true, as to the amount and as to the place where the money was found; but, if it was hers, why have it counted? It is not necessary to pursue the subject, however, in view of the findings and the opinion of the orphans' court, with which we are satisfied.

Judgment affirmed.